UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA KOENIG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-05-35 |
| | § | |
| DEPARTMENT OF THE NAVY OF THE | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S REQUEST FOR EQUITABLE RELIEF

Plaintiff alleges defendant disseminated information about her in violation of The Privacy Act of 1974, 5 U.S.C. § 552a (D.E. 1). She seeks actual damages, attorney's fees, court costs, and legal and equitable relief (*Id.*). On May 27, 2005, defendant filed a Rule 12 motion to dismiss plaintiff's request for equitable relief (D.E. 16). Plaintiff failed to file a response, and failed in her complaint to articulate the type of equitable relief she was seeking.. According to the Local Rules for the Southern District of Texas, failure to file a response to a motion is taken as a representation that the party is unopposed to the granting of the relief requested. LR7.4.

Defendant moves for dismissal pursuant to Fed. R.Civ. P. 12(b)(6) and 12(c). A rule 12(b)(6) motion filed after an answer or responsive pleading was filed, as was the case here, may be treated as a motion for judgment on the pleadings pursuant to Rule 12(c). The test to be applied is the same. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Smith v. Waste Management, Inc.,* 407 F.3d 381, 383 (5th Cir. 2005) (Rule 12(b)(6)); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 2005) (Rule 12(c)).

Defendant contends that plaintiff cannot state a claim for equitable relief because the United States is entitled to sovereign immunity and the Privacy Act does not waive that immunity as it relates to equitable relief. Though this issue does not appear to have been decided in the Fifth Circuit, the circuits courts which have addressed it have agreed with the defendant. *See Hastings v. Judicial Conference*, 770 F.2d 1093, 1104 (D.C. Cir. 1985); *Edison v. Dept. of the Army,* 672 F.2d 840, 847 (11th Cir. 1982) (injunctions are permitted only to amend or correct the record, and to order an agency to produce agency records improperly withheld from an individual); *Hanley v. U.S. Dept. of Justice*, 623 F.2d 1138, 1139 (6th Cir. 1980);*Parks v. Internal Revenue Service*, 618 F.2d 677, 684 (10th Cir. 1980); *Cell Associates v. National Institutes of Health*, 579 F.2d 1144, 1161-62 (9th Cir. 1978). Plaintiff has cited no law in support of her request for equitable relief, and none has been located.

Accordingly, defendant's motion to dismiss plaintiff's claim for equitable relief on her Privacy Act claim (D.E. 16) is granted. All claims for equitable relief are dismissed.

ORDERED this 26th day of September, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE