UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA KOENIG, | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-05-35 |
| | § | |
| DEPARTMENT OF THE NAVY, | § | |
|    Defendant | § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Linda Koenig filed this lawsuit pursuant to the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, *et seq*.  She alleges that the defendant Department of the Navy violated her right to privacy when her supervisor told a co-worker that she was on sick leave until further notice and that she had "lots of issues."  Defendant filed a motion for summary judgment on October 13, 2005 to which petitioner responded on November 16, 2005 (D.E. 18, 21).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff is employed by the Department of the Navy at the Naval Hospital Corpus Christi. She completed and submitted a Request for Leave or Approved Absence, OPM Form 71, along with a doctor's excuse to Ned Ferguson, a supervisor at the hospital (Aff. of Linda Koenig, D.E. 21, Exs. 2, 3).  On December 17, 2004, Chuck Bird, Jr., an employee at the Citgo refinery, sent plaintiff's supervisor, Sylvia Lozano, the following e-mail:

> Pat Czerwinski told me last night at B.J.'s retirement party that Linda has left again.  Is that true?  Where did she go this time?  He also said that [Brooke Army Medical Center] has a hiring freeze on and they will not be able to replace the [Corpus Christi Army Depot Industrial Hygienist] who is leaving for Germany next month.  I know a lady (early 20's) who is graduating this weekend from the University of Kentucky with a bachelor's in [Industrial Hygiene].  Her fiancee is one of our safety coordinators.  Do you anticipate any vacancies?  I would like to help them out and she is very sharp and likeable.  Thanks!

Lozano sent the following e-mail in reply:

> Hi, Chuck. Good to hear from you. I wish I knew where Linda is. She went on 2 weeks sick leave last week and her doctor's slip only said "until further notice". You would not believe all that is going on with her lately .... lots of issues. Call me. Is John Secrest leaving? I haven't talked to him in a while so I didn't know. Call me at (961-2244) if you have a few minutes today. Thanks. Sylvia.

(D.E. 21, Ex. 1).

Plaintiff asserts that the e-mail from Lozano violated the Privacy Act. She seeks statutory damages in the amount of $1,000 plus attorney's fees. Defendant counters that the e-mail did not violate the Privacy Act because the information disclosed was not contained in a "system of records," which is a requirement under the Act. Defendant also argues that plaintiff cannot show that she suffered actual damages.

## APPLICABLE LAW

### A. Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED.R.CIV.P. 56(c). An issue is material if its resolution could affect the outcome of the action. Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir.), cert. denied, 122 S. Ct. 347 (2001). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The

2

Court will not weigh the evidence or evaluate the credibility of witnesses.  Caboni v. General Motors

Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The movant bears the initial burden of showing the absence of a genuine issue of material fact.

See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  If

the movant demonstrates there is an absence of evidence to support the nonmovant's case, the

nonmovant must come forward with specific facts showing that there is a genuine issue for trial.  See

Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  To sustain this burden, the nonmovant cannot rest on

the mere allegations of the pleadings.  See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Caboni, 278

F.3d at 451; FED.R.CIV.P. 56(e).  After the nonmovant has been given an opportunity to raise a

genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be

granted.  Caboni, 278 F.3d at 451.

## B.  The Privacy Act

"The Privacy Act of 1974 'safeguards the public from unwarranted collection, maintenance,

use and dissemination of person information contained in agency records ... by allowing an individual

to participate in ensuring that his records are accurate and properly used.'" Jacobs v. National Drug

Intelligence Center, 423 F.3d 512, 513 (5th Cir. 2005)(quoting Henke v. United States Department of

Commerce, 83 F.3d 1453, 1456 (D.C.Cir. 1996) and Bartel v. F.A.A., 725 F.2d 1403, 1407 (D.C.

Cir. 1984)).  Under 5 U.S.C. § 552a(b), agencies are prohibited from "disclos[ing] any record which

is contained in a system of records by any means of communication to any person, or to another

agency" unless the they have the written consent of the person to whom the record pertains or unless

the disclosure fits into one of 12 exceptions[1].  If an agency intentionally and willfully violates

---

[1]The statute also provides three other causes of action: (1) for an agency's failure to amend
an individual's record pursuant to his request; (2) for an agency's denial of access to an
individual's records and (3) for an agency's failure to maintain an individual's records with

§552a(b) and the plaintiff suffers an "adverse effect" from the violation, the agency is liable for the

plaintiff's actual damages as well as attorneys fees and costs.  Gowan v. United States Department of

the Air Force, 148 F.3d 1182, 1193 (10th Cir. 1998)(citing 5 U.S.C. §§ 552a(g)(1)(D) and (g)(4).

To survive summary judgment on a disclosure claim, a plaintiff must present evidence of the

following elements: (1) the information is a  "record" in a "system of records"; (2) the agency

disclosed the information; (3) the disclosure had an adverse effect on her and (4) the disclosure was

willful.  Jacobs, 423 F.3d at 516 (citing Quinn v. Stone, 978 F.2d 126, 131 (3rd Cir. 1992)).  In this

case, the issues are whether the information came from a "record" in a "system of records" and

whether the communication caused an adverse effect on the plaintiff.

### (1) Record in a  System of Records

The term "record" is defined in the following manner:

any item, collection, or grouping of information about an individual that is maintained by an
agency, including, but not limited to, his education, financial transactions, medical history, and
criminal or employment history and that contains his name, or the identifying number, symbol,
or other identifying particular assigned to the individual, such as a finger or voice print or
photograph.

5 U.S.C. § 552a(4).  The term "system of records" is defined as follows:

a group of any records under the control of any agency from which information is retrieved by
the name of the individual or by some identifying number, symbol, or other identifying
particular assigned to the individual.

5 U.S.C. § 552a(5).

Plaintiff claims that she has personal knowledge that Lozano obtained the information about

her taking medical leave from the OPM Form 71 she submitted to her supervisor (Koenig Aff., D.E.

21, Exs. 2, 3).  Although plaintiff does not provide a factual basis for her knowledge, defendant did

---

"accuracy, relevance, timeliness, and completeness."  Jacobs, 423 F.3d at 515 (citing 5 U.S.C. §§
552a(g)(1)(A); (g)(1)B); (d)(1) and (g)(1)(C).

not provide any alternative explanation for how Lozano obtained the information, other than to

characterize it as gossip.  Looking at the evidence in the light most favorable to

plaintiff, it will be assumed that Lozano obtained the information from the document.  Plaintiff argues

that the OPM form is a record within the meaning of the Privacy Act and under the plain language of

the statute, she is correct.  The OPM form is an item containing information about plaintiff, maintained

by an agency, that included information, albeit limited, about her medical condition and also

contained her name.

Plaintiff also argues that the record was kept in a system of records.  The Fifth Circuit

discussed the "system of records" requirement in Bettersworth v. Federal Deposit Insurance

Corporation, 248 F.3d 386, 391-391 (5th Cir. 2001).

> The threshold issue in any claim alleging denial of access under the Privacy Act is whether
> the records sought by the plaintiff are maintained in a "system of records" retrievable by an
> "identifying particular assigned to" the plaintiff.  This qualifying language in the statute
> reflects a statutory compromise between affording individuals access to those records relating
> directly to them and protecting federal agencies from the burdensome task of searching agency
> records for mere mention of an individual's name.  Many of the published Privacy Act cases
> are aimed at giving meaning to this statutory requirement.

The Court went on to examine cases where it was found that information was not kept in a "system of

records."  See, e.g., Gowan, 148 F.3d at 1191(file marked "ethics" was not a surrogate identifier for

plaintiff under ethics investigation and thus records were not accessible under the Privacy Act, even

though the file contained information about the plaintiff); Hudson v. Reno, 130 F.3d 1193, 1206 (6th

Cir. 1997)(records not accessible under the Privacy Act because not retrievable by the plaintiff's

name); Henke, 83 F.3d at 1453(records not accessible under the Privacy Act, even though agency

could search for the records by the plaintiff's name, because the agency as a practical matter did not

use the information that way); Cuccaro v. Secretary of Labor, 770 F.2d 335, 359-360 (3rd Cir.

1995)(documents relating to agency's investigation of accident involving plaintiff were not tied to

plaintiff's name and thus not accessible under the Privacy Act); Wren v. Heckler, 744 F.2d 86, 90 (10th Cir. 1984)(records not accessible under the Privacy Act because not retrievable by the plaintiff's name, even though the information related to plaintiff).

In plaintiff's case, although neither party presented any evidence regarding where or in what manner the request for medical leave was kept, common sense and experience in an office setting lead to the conclusion that the record was most likely either kept in a file with the plaintiff's name on it, or entered into her leave record, which also would have been accessible by her name or social security number.  Accordingly, for purposes of this summary judgment motion, the information about plaintiff was a record contained in a system of records.

### (2) Adverse Effect

The statute provides that in cases brought for wrongful dissemination of information under the Privacy Act, if the court determines that the agency acted in a manner that was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of "(A) actual damages sustained by the individual as a result of the [dissemination], but in no case shall a person entitled to recovery receive less than that sum of $1,000; and (B) the costs of the action together with reasonable attorney fees as determined by the court."  5 U.S.C. § 552a(g)(4).  Plaintiff argues that she does not need to show actual damages to prevail in her claim and that the Privacy Act presumes damages of a minimum of $1,000 plus costs and attorney's fees.  However, her argument is foreclosed by Doe v. Chao, 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004).  There, after a lengthy analysis, the Court held that "[t]he 'entitle[ment] to recovery' necessary to qualify for the $1,000 minimum is not shown merely by an intentional or willful violation of the Act producing some adverse effect.  The statute guarantees $1,000 only to plaintiff's who have suffered some actual damages."  Id., 540 U.S. at 627, 124 S.Ct. at 1212.  In a footnote, the Court added that it was not

deciding whether actual damages were necessarily out-of-pocket damages or could include adequately demonstrated mental anxiety even without any out-of-pocket loss.  Id., at n. 12.

In this case, plaintiff has presented no evidence that she suffered any actual damages.  In her affidavit she states only that she has "been irreparably harmed by the Agency's disclosure of [her] private and protected medical information." (Koenig Aff., D.E. 21, Ex. 3).  However, conclusory allegations are insufficient to create a fact issue warranting the denial of summary judgment.  Shields v. Twiss, 389 F.3d 142, 150 (5th Cir. 2004)(citing Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996)(explaining that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" at summary judgment)).

Without some evidence of actual damages, plaintiff cannot meet her burden of showing that a fact question exists on this issue.  Accordingly, summary judgment will be entered for defendant.

### CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment (D.E. 18) is granted and plaintiff's cause of action for violations of the Privacy Act is dismissed with prejudice.

ORDERED this 29th day of December,  2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE