UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA KOENIG, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-05-35 |
| | § | |
| DEPARTMENT OF THE NAVY, | § | |
|     Defendant | § | |

## ORDER DENYING MOTION FOR NEW TRIAL

Plaintiff Linda Koenig filed this lawsuit pursuant to the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, *et seq*, alleging that the defendant Department of the Navy violated her right to privacy when her supervisor told a co-worker that she was on sick leave until further notice and that she had "lots of issues." Summary judgment was entered for defendant on December 29, 2005 (D.E. 22, 23). Plaintiff filed a motion for new trial and reconsideration of final judgment and motion for leave to supplement plaintiff's summary judgment response on January 9, 2006 to which defendant responded on January 20, 2006 (D.E. 24, 25).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff is employed by the Department of the Navy at the Naval Hospital Corpus Christi. She completed and submitted a Request for Leave or Approved Absence, OPM Form 71, along with a doctor's excuse, to Ned Ferguson, a supervisor at the hospital (Aff. of Linda Koenig, D.E. 21, Exs. 2, 3). On December 17, 2004, Chuck Bird, Jr., an employee at the Citgo refinery, sent plaintiff's supervisor, Sylvia Lozano, the following e-mail:

> Pat Czerwinski told me last night at B.J.'s retirement party that Linda has left again. Is that true? Where did she go this time? He also said that [Brooke Army Medical Center] has a hiring freeze on and they will not be able to replace the [Corpus Christi Army Depot

>Industrial Hygienist] who is leaving for Germany next month.  I know a lady (early 20's) who is graduating this weekend from the University of Kentucky with a bachelor's in [Industrial Hygiene].  Her fiancee is one of our safety coordinators.  Do you anticipate any vacancies?  I would like to help them out and she is very sharp and likeable.  Thanks!

Lozano sent the following e-mail in reply:

>Hi, Chuck.  Good to hear from you.  I wish I knew where Linda is.  She went on 2 weeks sick leave last week and her doctor's slip only said "until further notice".  You would not believe all that is going on with her lately .... lots of issues.  Call me.  Is John Secrest leaving?  I haven't talked to him in a while so I didn't know.  Call me at (961-2244) if you have a few minutes today.  Thanks. Sylvia.

(D.E. 21, Ex. 1).

Plaintiff asserts that the e-mail from Lozano violated the Privacy Act.  She seeks statutory damages in the amount of $1,000 plus attorney's fees.  Summary judgment was entered for defendant because the statute provides for an award of damages only to plaintiffs who have suffered actual damages and plaintiff did not submit any proof that she had suffered actual damages.  See Doe v. Chao, 540 U.S. 614, 627, 124 S.Ct. 1204, 1212, 157 L.Ed.2d 1122 (2004)(statute guarantees statutory damages only if violation of act produces some adverse effect).

In her motion for a new trial, plaintiff offers her own affidavit regarding medical treatment she sought after the December 2004 incident and copies of documents from healthcare providers regarding the effect the December 2004 incident had on her health.  She asks that the evidence be considered and argues that it raises an issue of material fact in regard to actual damages.

In her affidavit, plaintiff states that in November 2004 she visited saw Michael D. McDaniels, M.D., for an "unknown health issue."  Plaintiff explained that she was having some sort of trouble at work.  He recommended at that time that she be excused from work for three weeks because of stress-related health issues and she was scheduled to return to work at the end of December 2004.  On December 25, 2004 plaintiff learned via e-mail that her employer had released

2

the information that she was on sick leave until further notice and that she had lots of issues. (Aff. of Linda Koenig, att. to D.E. 24, p. 2 and notes from Dr. McDaniels). Plaintiff returned to Dr. McDaniels with more severe symptoms and he recommended that she be excused from work until February 25, 2005.

In a February 28, 2005 letter from Dr. McDaniels, he states that plaintiff had presented to his office with severe anxiety and depression related to a hostile work environment. He referred her for psychological counseling, placed her on Xanax and Paxil and advised that she be excused from work from January 4, 2005 through January 28, 2005. She was to return for further evaluation on March 17, 2005 to determine whether she could continue her employment (McDaniels note, att. to D.E. 24; Koenig Aff., p. 2).

Plaintiff avers that she lost income and benefits when she was absent from work, including approximately 600 hours of sick and annual leave amounting to $14,000, because she used her accumulated leave. In addition, she incurred approximately $2,500 in medical bills (Koenig Aff., att. to D.E. 24, p. 2). Plaintiff also states that on the advice of Dr. McDaniels and the psychotherapist, Rosa Balderas, she decided not to return to work at the Naval Hospital Corpus Christi where she was working and has since worked in Yuma, Arizona and Dallas, Texas. The moves have caused her monetary damages and emotional damages because she was forced to relocate (Koenig Aff., p. 3, att. to D.E. 24).

## APPLICABLE LAW

In <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167 (5th Cir. 1990), the Fifth Circuit discussed motions for reconsideration following entry of summary judgment. The court first noted that when a party files a motion for reconsideration of summary judgment and submits in support evidentiary material that she failed to file on time, the extent of the court's discretion to

reopen the case and to consider the material depends on the particular Federal Rule of Civil Procedure under which the motion arises. Id. at 173. A motion that challenges a prior judgment on the merits will be treated either as a motion to "alter or amend" under rule 59(e) or a motion for "relief from judgment" under rule 60(b). Id. (citations omitted). Under which rule the motion falls depends on the time at which the motion is served. If it is served within 10 days of the entry of judgment, the motion falls under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b). Id. (citations omitted).

In this case, plaintiff filed her motion within 10 days of the entry of judgment, meaning it should be construed under Rule 59(e). A motion to reopen a case brought under Rule 59(e) is not controlled by the same exacting substantive requirements as a motion brought under Rule 60(b). Id. at 173-174. In order to reopen a case under Rule 59(e) on the basis of evidentiary materials that were not timely submitted, the movant need not first show that her default was the result of mistake, inadvertence, surprise, or excusable neglect or that the evidence is such as to show that the judgment was manifestly wrong. Id. at 174.

Because Rule 59(e) is not subject to the limitations of Rule 60(b), the district court has considerable, but not limitless, discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under the former rule. The court must balance the need to bring litigation to an end with the need to render just decisions on the basis of all the facts. Id. (citations omitted). In deciding a Rule 59(e) motion, the court should consider the following: (1) the reasons for the moving party's default; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was available to the non-movant before he responded to the motion for summary judgment and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. Id.

Since Lavespere, the Fifth Circuit has emphasized that a Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)(citing In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) and Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  See also Santa Fe Snyder Corp. v Norton, 385 F.3d 1154 (5th Cir. 2004)(Rule 59 motion may not be used to raise arguments that could have been raised or presented before the entry of judgment).  Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.  Templet, 367 F.3d at 479 (citing Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  Templet, Id., (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000) and 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice & Procedure § 2810.1 at 124 (2d ed. 1995)).

In Waltman, the Fifth Circuit held that documents submitted as part of a Rule 59(e) motion were untimely and would not be considered when the documents were available to the plaintiff at the time she responded to the summary judgment motion and she offered no explanation for why they had not been considered originally.  Id., 875 F.2d at 474.  See also Hopper v. Frank, 16 F.3d 92, 98 n. 8 (5th Cir. 1994)(same) and Wabash Life Insurance Company v. Garner, 732 F.Supp. 692, 694 n. 2 (N.D. Tex. 1989)(same).

In the instant case all of the material was available to plaintiff when she responded to the motion for summary judgment and she offered no reason for not submitting her affidavit and other documents in a timely fashion.  Defendant specifically argued that plaintiff had failed to provide evidence of actual damages (D.E. 18, p. 4).  Rather than include evidence of actual damages in her

response, plaintiff argued that she did not need to show actual damages to prevail on her claim (D.E. 21, p. 6). Plaintiff does not now argue that the evidence is new or that the entry of summary judgment was a manifest error of law or fact. Rather, she offers the evidence in an untimely effort to support her claim that she is entitled to statutory damages. Under these circumstances, plaintiff has failed to meet her burden of establishing that she is entitled to a new trial or relief from the summary judgment order entered in this case.

## **CONCLUSION**

Based on the foregoing, plaintiff has not satisfied her burden of showing that the summary judgment entered in this case should be set aside. Accordingly, her motion for new trial, reconsideration of the final judgment and for leave to supplement her summary judgment response (D.E. 24) is denied.

ORDERED this 8th day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE